UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUADLOGIC CONTROLS CORPORATION,

Plaintiff,

-- against --

POUNCE ELECTRONICS S.A. DE C.V., d/b/a POUNCE CONSULTING,

Defendant.

Civil Action No.:

## COMPLAINT

Plaintiff Quadlogic Controls Corporation ("Quadlogic"), by its attorneys, as and for its Complaint against Pounce Electronics S.A. de C.V., d/b/a Pounce Consulting ("Pounce"), alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332 in that Plaintiff is a citizen of the State of New York and has its principal place of business in Long Island City, New York, and Defendant is a citizen of Mexico with its principal place of business in the State of Jalisco, Mexico. The amount in controversy exceeds $75,000, exclusive of interest.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (3) because events occurred in this judicial district, because Defendant is a foreign entity, and because the parties agreed to venue in this District.

**PARTIES**

3. Quadlogic is a corporation organized under the law of the State of New York with its principal place of business at 33-00 Northern Boulevard, 2d floor, Long Island City, New York 11101. Quadlogic entered into a Master License Agreement with Pounce dated February 23, 2017 (the "License").

4. Pounce is a corporation organized under the law of the State of Jalisco, Mexico with its principal place of business at Avenida Mariano Otero 3225, interiores 8 y 9, Colonia Verde Valle, Guadalajara, Jalisco Mexico CP 44550.

**FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT**

5. Quadlogic repeats and realleges each and every allegation contained in paragraphs 1 through 4 above is if each were fully set forth herein.

6. On or about February 23, 2017, Quadlogic and Pounce entered into the License regarding Pounce's manufacture and sale of electricity metering systems using Quadlogic intellectual property (the "Licensed Products").

7. Pursuant to the section 3.5(a) of the License, Pounce promised to pay Quadlogic a $200,000 Royalty Advance each month until all accrued Royalties were paid.

8. While Pounce made six payments pursuant to section 3.5(a), it did not make payments in August, September, October, November or December 2017, or in January 2018, and is accordingly in default with respect to $1,200,000 in payments due to Quadlogic pursuant to section 3.5(a) of the License (the "Defaulted Payments").

9. Pounce has made clear to Quadlogic that it will not make the Defaulted Payments such that notice of default is futile and unnecessary.

10. As a direct and proximate result of Pounce's breaches of the License set forth above, Quadlogic has been damaged in an amount of at least $1,200,000.

**SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT AND ANTICIPATORY BREACH OF CONTRACT**

11. Quadlogic repeats and realleges each and every allegation contained in paragraphs 1 through 10 above is if each were fully set forth herein.

12. Pursuant to the License, Schedule D, Quadlogic is entitled to a Royalty of $30 per Metering Point in connection with sales of Licensed Products by Pounce to its customer Aldesa.

13. Pounce has admitted that it has shipped Licensed Products having 93,000 Metering Points to Aldesa (the "Conceded Aldesa sales").

14. By reason of the Conceded Aldesa sales, the accrued Royalties owing by Pounce to Quadlogic are not less than $2,790,000.

15. Pursuant to the License, Schedule D, Quadlogic is entitled to a Royalty of $20 per Metering Point in connection with sales by Pounce of Licensed products to its customer Dragon.

16. Pounce has also admitted that it has shipped License Products having 336,000 Metering Points to Dragon (the "Conceded Dragon sales").

17. By reason of the Conceded Dragon sales, the accrued Royalties owing by Pounce to Quadlogic are not less than $6,720,000.

18. Accrued Royalties owing by Pounce to Quadlogic in connection with sales to Aldesa and Dragon are accordingly the sum of $2,790,000 and $6,720,000 for a total of $9,510,000.

19. After deducting $2,150,000 in payments made by Pounce to Quadlogic on account of Royalties, the balance of accrued and unpaid Royalties owing by Pounce to Quadlogic pursuant to the License is not less than $7,360,000.

20. Pursuant to section 3.5(a)(iii) of the License the balance of accrued and unpaid Royalties is payable commencing 180 days after 80% of the total Metering Points represented by Licensed Products have been shipped by Pounce to Aldesa or Dragon, as the case may be, whereupon Pounce has the unconditional obligation to pay such balance to Quadlogic in 12 equal monthly installments.

21. Upon information and belief, as of July 1, 2017, Pounce had already shipped 80% of its Licensed Products to Aldesa.

22. By reason thereof, Pounce owed Quadlogic $640,000, after crediting the payments made as recited in paragraph 19 above, in connection with its shipments to Aldesa, which payments were to be made in monthly installments of $53,333.33 between July 2017 and June 2018.

23. Pounce is in default with respect to each of these installments because none have been made.

24. Accordingly, there is presently due Quadlogic $373,333.31 representing the monthly installments in the amount of $53,333.33 that accrued in July, August, September, October, November, and December 2017, and January 2018. Pounce has made clear that it will not make the remaining 5 installments totaling for the $266,666.65 for the period February through June 2018 and therefore it has breached the License in regard to the monthly installment payments due with respect to Pounce's sales of Licensed Products to Aldesa.

25. As of December 31, 2017, Pounce owes Quadlogic $6,720,000 in connection with its shipments of Licensed Products to Dragon, which payments are to be made in monthly installments of $560,000 between January 2018 and January 2019.

26. Pounce has made clear that it will not make these payments such that Pounce has anticipatorily breached the License in regard to those payments.

27. Quadlogic has performed all of its obligations under the License.

28. A notice of default has been issued to Pounce ("Notice of Default") which sets the time for cure of Pounce's Payment Defaults. Pounce has made clear that the Payment Defaults will not be cured such that the installment payments set forth above are accelerated and are presently due and owing.

29. As a direct and proximate result of Pounce's breaches and anticipatory breaches of the License set forth above, Quadlogic has been damaged in an amount of at least $7,360,000.

**THIRD CAUSE OF ACTION FOR**
**BREACH OF CONTRACT (REPORTING DEFAULT)**

30. Quadlogic repeats and realleges each and every allegation contained in paragraphs 1 through 29 above is if each were fully set forth herein.

31. Pursuant to section 3.5(b) of the License, Pounce was to deliver to Quadlogic a true, accurate and complete Royalty statement by March 10, 2017. Pursuant to section 3.5(d) of the License, Pounce was to deliver to Quadlogic complete and accurate Royalty Statements on the tenth of each month after March 10, 2017.

32. Pounce has failed to deliver any Royalty Statements pursuant to sections 3.5(b) or 3.5(d) of the License.

33. Quadlogic has been damaged thereby in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION FOR**
**ANTICIPATORY BREACH OF CONTRACT (RESTRICTIVE COVENANT)**

34. Quadlogic repeats and realleges each and every allegation contained in paragraphs 1 through 33 above is if each were fully set forth herein.

35. In pertinent part, section 3.2 of the License provides: "During the License Term and the five (5) year period following the first to occur of the termination of the License Term and the termination of this Agreement (i) Pounce and its Affiliates shall not license, sublicense, transfer or otherwise grant a Person not authorized by Paragraph 3.1 any rights to use the Licensed Property anywhere in the world, or engage any third party to manufacture the Licensed Products, including the Meters and Metering Systems; (ii) Pounce and its Affiliates shall not sell or transfer the Licensed Products to any Person outside of the Territory or for distribution, use or resale outside of the Territory, and (iii) Pounce and its Affiliates shall not manufacture, market, sell or distribute in the Territory or anywhere in Central and South America or the islands of the Caribbean Sea ay metering systems that measure the use of electricity other than the Licensed Products" (the "Restrictive Covenant").

36. Upon information and belief, Pounce is presently violating and/or will violate the Restrictive Covenant, including its prohibition against Pounce's manufacture, sale, marketing or distributing the Licensed Products in the prohibited areas.

37. Quadlogic has no adequate remedy at law for this breach of the License's Restrictive Covenant.

38. The above activities are causing or will cause immediate and irreparable injury to Quadlogic unless enjoined by this Court.

**FIFTH CAUSE OF ACTION FOR BREACH OF CONTRACT (CONFIDENTIALITY)**

39. Quadlogic repeats and realleges each and every allegation contained in paragraphs 1 through 38 as if each were fully set forth herein.

40. Paragraph 9 of the License imposes confidentiality restrictions on Confidential Information. In particular, paragraph 9.1 provides that Quadlogic may provide Pounce with

"confidential, proprietary and/or trade secret information and material" relating to its business ("Confidential Information"). Paragraph 9.2 of the License provides that "Unauthorized disclosure or use of any Confidential Information may be detrimental to [Quadlogic]" and further provides that Pounce "agrees (a) not to use any Confidential Information received from [Quadlogic] for any purpose other than the exercise of its rights … under this Agreement".

41. Pursuant to these provisions of the License, Quadlogic provided Confidential Information during the summer of 2017 to Pounce including as pertains to its socket meters including mechanical and circuit drawings ("the Socket Meter Confidential Information").

42. Upon information and belief, Pounce is using the Socket Meter Confidential Information for its own sales and marketing purposes without payment to Quadlogic in breach of its confidentiality obligations.

43. Quadlogic has been damaged thereby in an amount to be determined at trial.

44. The above activities are causing or will cause immediate and irreparable injury to Quadlogic unless enjoined by this Court.

**SIXTH CAUSE OF ACTION PURSUANT TO 18 U.S.C. §1832**

45. Quadlogic repeats and realleges each and every allegation contained in paragraphs 1 through 44 above as if each were fully set forth herein.

46. Quadlogic owns various trade secrets in connection with its electricity metering business, which are protected by the Economic Espionage Act, as amended by the Defend Trade Secrets Act, 18 U.S.C. §1831, *et seq.*

47. Pursuant to the License, paragraph 9, Quadlogic provided the Socket Meter Confidential Information to Pounce for the sole purpose of allowing Pounce to propose a licensing agreement in regard thereto.

48. As a direct consequence of Pounce's misappropriation, Quadlogic is entitled to as actual damages in an amount to be proven at trial, including attorneys' fees and costs, injunctive relief, pursuant to 18 U.S.C. §1836 against actual and threatened misappropriation, and exemplary damages in an amount up to twice the actual damages awarded.

**SEVENTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF**

49. Quadlogic repeats and realleges each and every allegation contained in paragraphs 1 through 48 above is if each were fully set forth herein.

50. As set forth above, Pounce activities in violation of the License's restrictive Covenant has caused or is likely to cause Quadlogic irreparable harm.

51. Pursuant to Fed. R. Civ. P. 65, Quadlogic is entitled to injunctive relief with respect thereto.

**WHEREFORE,** Quadlogic demands judgment as follows:

i On the First Cause of Action, damages in an amount of $1,200,000 together with interest from July 2017;

ii On the Second Cause of Action, damages in an amount of $7,360,000 together with interest thereon;

iii On the Third Cause of Action, an accounting and payment of all sums owed;

iv On the Fourth Cause of Action, an injunction enjoining Pounce and any employees, agents, servants, officers, representative, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Pounce and all those in active concert and participation with Pounce from (i) engaging in any activity barred by the Restrictive Covenant and (ii) instructing, assisting, aiding, or abetting any other person or entity in activities barred by the Restrictive Covenant.

v On the Fifth Cause of Action, damages in an amount to be proven at trial and an injunction.

vi On the Sixth Cause of Action, damages in an amount to be proven at trial, exemplary damages and an injunction.

vii On the Seventh Cause of Action, an injunction enjoining Pounce and any employees, agents, servants, officers, representative, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Pounce and all those in active concert and participation with Pounce from (i) engaging in any activity barred by the Restrictive Covenant and (ii) instructing, assisting, aiding, or abetting any other person or entity in activities barred by the Restrictive Covenant.

**JURY DEMAND**

Quadlogic hereby demands a trial by jury as to all issues so triable.

Dated: New York, New York
January 16, 2018

FEDER KASZOVITZ LLP

By: ______________________
Murray L. Skala
David Sack
845 Third Avenue
New York, New York 10022
Telephone: (212) 888-8200

Attorneys for Plaintiff