FEDER KASZOVITZ LLP
ATTORNEYS AT LAW

845 THIRD AVENUE
NEW YORK, NY 10022-6601

E-MAIL:                    TELEPHONE: (212) 888-8200                    FACSIMILE: (212) 888-7776

March 19, 2018

**VIA ECF**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    **Quadlogic Controls Corporation v. Pounce Electronics S.A. de C.V.
Civil Action No.: 18-cv-0400 (ER)**

Dear Judge Ramos:

      We represent the Plaintiff in the above-captioned action, and write, pursuant to Rule (2)(A)(ii) of Your Honor's Individual Rules, to request a pre-motion conference in connection with Plaintiff's anticipated motion for a preliminary injunction to enjoin Defendant from commencing a lawsuit in Mexico relating to the subject matter of this litigation, or otherwise litigating any related dispute between the parties in Mexico.

      By this lawsuit, Plaintiff seeks to recover millions of dollars of unpaid royalties from Defendant pursuant to a written Master License Agreement dated February 23, 2017 ("MLA") by to which Defendant licensed Plaintiff's intellectual property, including patents and know-how ("IP"), for Defendant's manufacture and sale of electric metering systems in Mexico. The MLA specifically provides that all disputes "arising out of or relating to this agreement or the transactions contemplated" thereunder will be resolved in the United States District Court for the Southern District of New York.

      Plaintiff intends to move the Court for a preliminary injunction preventing Defendant from commencing an action or litigating against Plaintiff in Mexico with regard to the subject matter of this lawsuit.

      Notwithstanding this express contractual requirement, and after appearing in this action by counsel to request additional time to respond to the Complaint, Defendant caused an e-mail by a supposed Mexican attorney to be sent to Plaintiff and its counsel on March 5, 2018 (mere days before the expiration of the period of adjournment of Defendant's time to answer or move) stating that Defendant had commenced a "lawsuit" against Plaintiff (and its individual directors and officer) in Mexico purportedly asserting claims for "intent to commit fraud," "fraud," and

Honorable Edgardo Ramos
March 19, 2018
Page 2

"unjust enrichment" relating to the electric metering system sold by Defendant in Mexico pursuant to the MLA.

Defendant's e-mail was accompanied by what appears to be five pages of a much larger document (536 pages), in Spanish, alleged to have been filed in the Mexican Supreme Court in Mexico City, identified as "Accion Constutional," bearing an index number 1203/2018. In conversations with Defendant's counsel, the document was represented to be a civil lawsuit and was in furtherance of Defendant's threat to pursue claims against Plaintiff in Mexico involving the same facts and legal issues as involved in this lawsuit.

Upon inquiry, it appears that the document forwarded to Plaintiff and counsel is a forgery; a fake document that was not, in fact, filed in the Mexican court.[1] Plaintiff's Mexican counsel has provided an opinion to this effect and is willing to so testify in this Court.[2] The document was clearly intended to harass and intimidate the Plaintiff and its directors. Such unlawful conduct should not be countenanced by this Court.

Plaintiff seeks to move this Court for a preliminary injunction preventing Defendant from proceeding with any threatened action in Mexico involving the subject matter of this lawsuit. Such an injunction is warranted under *China Trade & Devel. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 36 (2d Cir. 1987), since the parties are the same (or substantially the same), and the resolution of this action will resolve the claims threatened to be brought by Defendant in Mexico. Additional public policy factors set forth in *China Trade* are also relevant here, including Defendant's vexatious and bad faith conduct in attempting to use fraud and deceit to intimidate Plaintiff with a bogus lawsuit alleged to have been filed in Mexico. Additionally, it is well-settled that New York public policy favors enforcement of forum selection agreements. *Int'l Fashion Products, B.V. v. Calvin Klein, Inc.*, 1995 WL 92321 at *2 (S.D.N.Y. Mar. 7, 1995).[3]

---

[1] As will be shown, this is not the first fake document generated by the Defendant. There is a pattern here, as there are at least two other phony reports and documents originating from Defendant that Plaintiff is aware of.

[2] A copy of the so-called "lawsuit" in Spanish, as well as its English translation together with the opinion of Plaintiff's Mexican counsel, will be provided to the Court as part of Plaintiff's motion papers.

[3] On the preliminary anti-suit injunction motion, Plaintiff will also demonstrate its likelihood of success on the merits of this case, as the fundamental defense of economic duress cannot stand as a matter of law given that the license relationship, including the MLA, was never terminated by Pounce, Pounce continued to seek to do business with Plaintiff with respect to electric metering systems other than the projects identified in the MLA (and counterclaims) even *after* the alleged economic duress, and Pounce sat on its hands and did not move with dispatch to repudiate the MLA even after the alleged "duress."

Honorable Edgardo Ramos
March 19, 2018
Page 3

      Accordingly, Plaintiff is entitled to a preliminary anti-suit injunction, and respectfully requests that the Court schedule a pre-motion conference at its earliest convenience for the purpose of setting a briefing schedule for such motion, and for such other relief as warranted by Defendant's vexatious and bad-faith conduct.

      Respectfully submitted,

*[signature]*

David Sack

cc:    Brian A. Katz, Esq. (via ECF)