UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
:
QUADLOGIC CONTROLS CORPORATION, :
:
Plaintiff, :
: Civil Action No.: 18-cv-0400 (ER) (DCF)
-- against -- :
:
POUNCE ELECTRONICS S.A. DE C.V., :
d/b/a POUNCE CONSULTING, :
:
Defendant. :
:
-------------------------------------------------------------x

## DECLARATION OF DAVID SACK

**DAVID SACK**, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am an attorney duly admitted to the Bars of the State of New York and of this Court, associated with Feder Kaszovitz LLP, attorneys for Plaintiff herein, and make this Declaration in partial opposition to the motion of Olshan Frome Wolosky LLP ("Olshan") to withdraw as counsel to Defendant.

2. Plaintiff takes no issue with the factual averments made by Olshan, or with the principles of law cited in its memorandum in support of its motion to withdraw, and has no opposition to the Olshan firm withdrawing as counsel *after* the scheduled September 14, 2018 settlement conference takes place.

3. Plaintiff, however, objects to Olshan's motion being granted prior to the settlement conference on the ground that permitting yet a further delay of the conference will prejudice Plaintiff, as set forth herein.

4. The settlement conference, which ***both parties*** consented to on the record on April 18, 2018, and has been ordered by Magistrate Judge Freeman (*see, e.g.*, ECF Docket

No. 33), has been adjourned and rescheduled numerous times, and this action has essentially been held in abeyance since May in order that both parties participate in the in-person conference Ordered by this Court.

5. As part of the consideration for holding this action in abeyance, Plaintiff has relied on Olshan's representations as to Defendant's conduct and good faith.

6. Should Olshan be allowed to withdraw, it would jeopardize the mediation that has been ordered, and in the best of circumstances, would further unduly delay the mediation. Plaintiff has now, in anticipation of the settlement conference, waited some 4 months to have Defendant's representatives appear in Court with their counsel, and as indicated, there is no valid reason for any further delay.

7. By way of background, this action seeks to recover approximately $7.5 million unpaid royalties due to Plaintiff under an IP license granted to Defendant (the "MLA"), and also seeks to enjoin Defendant from violating the restrictive covenants set forth therein.

8. On April 11, 2018, Plaintiff asked the Court to schedule a pre-motion conference in connection with its contemplated motions[1] for expedited discovery (*i.e.*, the deposition of Defendant's Chief Technology Officer who, not coincidentally, is the former president and chairman of Plaintiff and who spent his entire career developing electrical metering products for Plaintiff), and for summary judgment dismissing the Counterclaims.

9. In response to Plaintiff's request, the Court held a conference on April 18, 2018, at which time the pending preliminary injunction motion, the contemplated summary judgment motion, and motion for expedited discovery – made and opposed by letter briefs – were discussed.

---

[1] Plaintiff had already moved for a preliminary injunction to enjoin Defendant from frustrating this action by commencing a lawsuit in Mexico.

10. At that conference, Plaintiff suggested that early mediation would be appropriate to narrow the issues in dispute and possibly achieve a global resolution of the claims and counterclaims.

11. Defendant agreed to mediation under the auspices of the assigned Magistrate Judge, and the Court agreed to make an immediate reference.

12. In connection with the anticipated settlement conference, Plaintiff agreed to hold its motion for a preliminary injunction in abeyance (and therefore to extend Defendant's time to respond to the moving papers), and to delay its contemplated motion for summary judgment dismissing the Counterclaims until after the settlement conference was held.

13. On April 18, 2018, the Court referred this matter to Magistrate Judge Freeman to conduct the settlement conference.[2]

14. The settlement conference was adjourned no fewer than 3 times.

15. In the interim, Magistrate Judge Freeman held several telephonic conferences with counsel to attempt to schedule an in-person settlement conference date at which a representative of Defendant could be present.

16. After a frustratingly long process, the Court finally set the settlement conference for August 8, 2018.

17. On August 7, 2018, the parties held a conference call with the Court, at which point Olshan disclosed that it could not confirm that a representative from Defendant would be present at the August 8 conference.

---

[2] On May 7, 2018, the Court denied Plaintiff's motion for expedited discovery without prejudice and with leave to renew based on discovery of additional facts. In the event that Defendant does not obtain new counsel and is not otherwise defaulted, Plaintiff intends to renew its motion for expedited discovery.

3

18. The Court then adjourned the settlement conference to September 14, and issued an Order (ECF Docket No. 33) stating, *inter alia*, that (i) no further adjournments will be granted; (ii) Defendant must attend the settlement conference in-person through a person with full authority to settle this action; and (iii) the Court will consider sanctions should Defendant fail to appear.

19. Now, it appears that Defendant intends to frustrate the settlement process by compelling Olshan to withdraw as attorneys for the reasons set forth in Mr. Katz's Declaration, knowing that as a corporate party, it cannot appear without an attorney.

20. Plaintiff respectfully submits that the Court should not countenance this delaying tactic, and should therefore deny Olshan's motion until after the settlement conference is held.

21. It should be noted that Olshan is already conversant with all the issues presented by the claims and counterclaims asserted in this action, and is able to represent Defendant at the conference without the need for further delay.

22. For the foregoing reasons, Plaintiff respectfully requests that the Court not grant Olshan's motion to withdraw until after the September 14 settlement conference.

Executed at New York, New York on August 29, 2018.

I declare under the penalties of perjury that the foregoing is true and correct.

_____
David Sack